IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| AMANDA STEINER, | ) | |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No.: 4:13-cv-705 |
| | ) | |
| ORIGINAL PIZZA OF MISSOURI, INC., | ) | |
|     Defendant. | ) | Injunctive Relief Demanded |

**COMPLAINT**

COMES NOW, Plaintiff, Amanda Steiner, by and through counsel, David A. Weidner, individually and on behalf of all other individuals similarly situated, (hereinafter "Plaintiff"), and hereby sues the Defendant, Original Pizza of Missouri, Inc., (hereinafter "Defendant"), for Injunctive Relief, and for attorney's fees, litigation expenses, and costs pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq. ("ADA").

1. Plaintiff is a Kansas resident, is sui juris, and qualifies as an individual with disabilities as defined by the ADA. Plaintiff is bound to ambulate in a wheelchair.

2. Defendant's property, Original Pizza, 905 NW Chipman Rd., Lee's Summit, Missouri 64063, is located in Jackson County, Missouri.

3. Venue is properly located in the Western District of Missouri because venue lies in the judicial district of the property situs. The Defendant's property is located in and does business within this judicial district.

4. Pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1343, this Court has been given original jurisdiction over actions which arise from the Defendant's violations of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq. See also 28 U.S.C. § 2201 and § 2202.

1

5. Plaintiff has visited the property which forms the basis of this lawsuit and plans to return to the property to avail herself of the goods and services offered to the public at the property, and to determine whether the property has been made ADA compliant. The Plaintiff has encountered architectural barriers at the subject property which discriminate against her on the basis of his disability and have endangered her safety.  These barriers also prevent Plaintiff from returning to the property to enjoy the goods and services available to the public.

6. Plaintiff has suffered and will continue to suffer direct and indirect injury as a result of the Defendant's discrimination until the Defendant is compelled to comply with the requirements of the ADA.  Plaintiff is deterred from, and is denied the opportunity to participate and benefit from the goods, services, privileges, advantages, facilities and accommodations at Defendant's property equal to that afforded to other individuals. Plaintiff is aware that it would be a futile gesture to attempt to visit Defendant's property if she wishes to do so free of discrimination.

7. Defendant owns, leases, leases to, or operates a place of public accommodation as defined by the ADA and the regulations implementing the ADA, 28 CFR 36.201(a) and 36.104.  Defendant is responsible for complying with the obligations of the ADA.  The place of public accommodation that the Defendant owns, operates, leases or leases to is known as 905 NW Chipman Rd., Lee's Summit, Missouri 64063.

8. Plaintiff has a realistic, credible, existing and continuing threat of discrimination from the Defendant's non-compliance with the ADA with respect to this property as described but not necessarily limited to the allegations in paragraph 10 of this Complaint.  Plaintiff has reasonable grounds to believe that she will continue to be subjected to discrimination in

violation of the ADA by the Defendant. Plaintiff desires to visit Original Pizza not only to avail herself of the goods and services available at the property but to assure herself that this property is in compliance with the ADA so that she and others similarly situated will have full and equal enjoyment of the property without fear of discrimination.

9. The Defendant has discriminated against the Plaintiff by denying hers access to, and full and equal enjoyment of, the goods, services, facilities, privileges, advantages and/or accommodations of the subject property, as prohibited by 42 U.S.C. § 12182 et seq.

10. The Defendant has discriminated, and is continuing to discriminate, against the Plaintiff in violation of the ADA by failing to, inter alia, have accessible facilities by January 26, 1992 (or January 26, 1993, if Defendant has 10 or fewer employees and gross receipts of $500,000 or less). A preliminary inspection of Original Pizza has shown that violations exist. These violations include, but are not limited to:

   a. There is an insufficient number of accessible parking spaces;
   b. There is no accessible signage at the accessible parking spaces;
   c. The access aisles are not painted and striped properly;
   d. A patron in a wheelchair must roll through vehicular traffic to access the curb ramp;
   e. The restroom contains violations including, but not limited to:
      i. There is no accessible signage at the restroom door;
      ii. The entry door contains knob hardware, which requires twisting and/or grasping of the wrist to operate;
      iii. There is no accessible stall provided;
      iv. There is insufficient maneuvering/transfer space inside restroom;

3

Case 4:13-cv-00705-SOW   Document 1   Filed 07/16/13   Page 3 of 7

      v. There is no rear grab bar provided;

      vi. There is no side grab bar provided;

      vii. There is no knee clearance under the sink, due to cabinetry;

      viii. The coat hook is too high.

11. The discriminatory violations described in paragraph 10 are not an exclusive list of the Defendant's ADA violations. Plaintiff requires the inspection of the Defendant's place of public accommodation in order to photograph and measure all of the discriminatory acts violating the ADA and all of the barriers to access. The Plaintiff, and all other individuals similarly situated, have been denied access to, and have been denied the benefits of services, programs and activities of the Defendant's buildings and its facilities, and have otherwise been discriminated against and damaged by the Defendant because of the Defendant's ADA violations, as set forth above. The Plaintiff and all others similarly situated will continue to suffer such discrimination, injury and damage without the immediate relief provided by the ADA as requested herein. In order to remedy this discriminatory situation, the Plaintiff requires an inspection of the Defendant's place of public accommodation in order to determine all of the areas of non-compliance with the Americans with Disabilities Act.

12. Defendant has discriminated against the Plaintiff by denying her access to full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of its place of public accommodation or commercial facility in violation of 42 U.S.C. § 12181 et seq. and 28 CFR 36.302 et seq. Furthermore, the Defendant continues to discriminate against the Plaintiff, and all those similarly situated by failing to make reasonable modifications in policies, practices or procedures, when such

modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such efforts that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services.

13. Plaintiff is without adequate remedy at law and is suffering irreparable harm. Plaintiff has retained the undersigned counsel and is entitled to recover attorney's fees, costs and litigation expenses from the Defendant pursuant to 42 U.S.C. § 12205 and 28 CFR 36.505.

14. Defendant is required to remove the existing architectural barriers to the physically disabled when such removal is readily achievable for its place of public accommodation that have existed prior to January 26, 1992, 28 CFR 36.304(a); in the alternative, if there has been an alteration to Defendant's place of public accommodation since January 26, 1992, then the Defendant is required to ensure to the maximum extent feasible, that the altered portions of the facility are readily accessible to and useable by individuals with disabilities, including individuals who use wheelchairs, 28 CFR 36.402; and finally, if the Defendant's facility is one which was designed and constructed for first occupancy subsequent to January 26, 1993, as defined in 28 CFR 36.401, then the Defendant's facility must be readily accessible to and useable by individuals with disabilities as defined by the ADA.

15. Notice to Defendant is not required as a result of the Defendant's failure to cure the violations by January 26, 1992 (or January 26, 1993, if Defendant has 10 or fewer

employees and gross receipts of $500,000 or less).  All other conditions precedent have been met by Plaintiff or waived by the Defendant.

16. Pursuant to 42 U.S.C. § 12188, this Court is provided with authority to grant Plaintiff Injunctive Relief, including an order to require the Defendant to alter Original Pizza to make those facilities readily accessible and useable to the Plaintiff and all other persons with disabilities as defined by the ADA; or by closing the facility until such time as the Defendant cures its violations of the ADA.

WHEREFORE, Plaintiff respectfully requests:

    a.     The Court issue a Declaratory Judgment that determines that the Defendant at the commencement of the subject lawsuit is in violation of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq..

    b.     Injunctive relief against the Defendant including an order to make all readily achievable alterations to the facility; or to make such facility readily accessible to and usable by individuals with disabilities to the extent required by the ADA and to require the Defendant to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such stops that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services.

    c.     An award of attorney's fees, costs and litigation expenses pursuant to 42 U.S.C. § 12205.

d. Such other relief as the Court deems just and proper, and/or is allowable under Title III of the Americans with Disabilities Act.

Respectfully Submitted,

*/s/ David A. Weidner*

_____

David A. Weidner
The Weidner Law Firm
PO Box 280168
Kansas City, Missouri 64128
P: (816) 719-0816
F: (816) 817-0906
david@davidweidnerlaw.com
Western District Bar No.: 60845
Attorney for the Plaintiff